# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| MARTY SCOTT FITZGERALD, | ) | |
| Plaintiff, | ) | Case No. 3:09-cv-0286-RCJ-VPC |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| STATE OF NEVADA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted a Motion for Leave to File a First Amended Complaint (docket #11) and a proposed First Amended Complaint (docket #11-1 and #12). The motions to amend shall be granted as no defendant has appeared. F.R.C.P. 15(a)(1) The amended complaint has been screened pursuant to 28 U.S.C. § 1915A as discussed below.

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making

1   this determination, the Court takes as true all allegations of material fact stated in the complaint, and the

2   Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d

3   955, 957 (9th Cir.1 996). Allegations in a *pro se* complaint are held to less stringent standards than

4   formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404

5   U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

6   (9th Cir.1990).

7         All or part of a complaint filed by a prisoner may  therefore be dismissed *sua sponte* if

8   the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal

9   conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of

10   infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual

11   allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989);

12   *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

13         Plaintiff's claims relate to the denial of medical treatment for damage to his neck and

14   back and for Hepatitis C. He names various prison officials as defendants in both their official and

15   individual capacities including the unidentified members of the Medical Review Panel. He also names

16   the State of Nevada as a defendant.

17         The Eleventh Amendment bars Section 1983 suits against states -- and their agencies.

18   *See Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir. 1997), *amended*, 127 F.3d 1135, *cert. denied*, 522

19   U.S. 1148 (1998); *Lucas v. Department of Corrections*, 66 F.3d 245, 248-49 (9th Cir. 1995); *Taylor v.*

20   *List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that the Nevada Department of Prisons was a state

21   agency entitled to Eleventh Amendment immunity). Thus, the State of Nevada shall be dismissed as a

22   defendant in this action. As to the members of the Medical Review Panel; those individuals can only

23   be sued in their official capacity for injunctive relief. *See Arrizonans for Official English v. Arizona,*

24   520 U.S. 43, 69 n.24 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n. 10 (1989); *Hydrick*

25   *v. Hunter,* 500 F.3d 978, 987 (9th cir. 2007). The members of the Medical Review Panel shall not be

26

2

1  subject to a judgment of money damages.

2  Count One

3  In this count, plaintiff states a valid claim under the Eighth Amendment for denial of

4  adequate medical care.

5  Count Two

6  In count two, plaintiff alleges the defendant denied him due process and equal protection

7  on the basis of his race. He contends that he, a white man, was denied medical/surgical treatment for

8  his damaged back and neck while another inmate, a black man, was given surgical treatment. He

9  contends this discriminatory treatment caused "unauthorized injury" to him.

10  The Equal Protection Clause directs that "all persons similarly circumstanced shall be

11  treated alike." *Plyler v. Doe,* 457 U.S. 202, 206 (1982). A section 1983 plaintiff alleging an equal

12  protection violation must prove that: (1) the defendants treated plaintiff differently from others similarly

13  situated; (2) the unequal treatment was based on an impermissible classification; (3) the defendants acted

14  with discriminatory intent in applying this classification; and (4) plaintiff suffered injury as a result of

15  the discriminatory classification. *Moua v. City of Chico,* 324 F.Supp.2d 1132, 1137 (E.D.Cal.2004); *see*

16  *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (a section 1983 plaintiff alleging denial of

17  equal protection "must show that the defendants acted with an intent or purpose to discriminate against

18  plaintiff based on membership in a protected class."); *Van Pool v. City and County of San Francisco,* 752

19  F.Supp. 915, 927 (N.D.Cal.1990) ( section 1983 plaintiff must prove purposeful discrimination by

20  demonstrating that he "receiv[ed] different treatment from that received by others similarly situated,"

21  and that the treatment complained of was under color of state law).

22  Here, plaintiff has not alleged that the decision to grant the black inmate the required

23  surgery and to deny him the surgery was based on race. Rather, he merely alleges that two inmates of

24  different races were treated differently. These facts do not state a claim under the equal protection

25  clause. This count shall be dismissed with leave to amend.

26

3

1    <u>Count Three</u>

2        Plaintiff has stated a claim under the First and Fourteenth Amendment for retaliation on

3    the basls of the facts presented in this claim for relief.

4        **IT IS THEREFORE ORDERED** that the Motions to Amend (docket #11 and #12) are

5    **GRANTED.** The Clerk of the Court shall detach and **FILE** the first amended complaint.

6        **IT IS FURTHER ORDERED** that the State of Nevada is **DISMISSED WITH**

7    **PREJUDICE**.

8        **IT IS FURTHER ORDERED** that Count Two of the Amended Complaint is

9    **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND.** Plaintiff shall have

10   thirty days to file a Second Amended Complaint which addresses the deficiencies outlined in this Order.

11   Failure to file an amended complaint will result in the matter proceeding as to Counts One and Three

12   only.

13   Dated this 29th day of November _____, 2010.

14

15

16   _____

17   UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

4